# IN THE COURT OF APPEALS OF IOWA

No. 24-1928
Filed May 13, 2026

**In re the Marriage of Elizabeth Ann Tweed and Neil Justin Tweed**

Upon the Petition of
**Elizabeth Ann Tweed,**
Petitioner–Appellant,

And Concerning
**Neil Justin Tweed,**
Respondent–Appellee.

Appeal from the Iowa District Court for Polk County,
The Honorable Karen Romano, Judge.

**WRIT ANULLED**

Elizabeth Ann Tweed, West Des Moines, self-represented appellant.

Tracey A. Eaton of Miller & Evans, P.L.C., Des Moines,
attorney for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Elizabeth Tweed challenges the order dismissing all but one count of contempt against Neil Tweed for allegedly violating the provisions of their dissolution decree.[1] Because Elizabeth has not met her burden of showing Neil is guilty of contempt, we uphold the ruling of the district court and annul the writ.

## BACKGROUND FACTS AND PROCEEDINGS

Elizabeth and Neil married in 2004, and they have four children born between 2010 and 2015. Elizabeth petitioned to dissolve the marriage in January 2024. By May, the parties reached a settlement. The court approved the agreement and incorporated its provisions into the dissolution decree.

In September 2024, Elizabeth filed this contempt action against Neil. Her petition alleged seven grounds for contempt, but she withdrew and dismissed one count at the contempt hearing. The remaining counts involve: (1) transfer of a retirement account; (2) division of personal property; (3) child support interference and delayed payment; (4) vehicle tires; (5) payment of the children's expenses; and (6) failing to dismiss a criminal no-contact order. The district court found Neil in default on the final count and dismissed the rest. It assessed costs to Neil as a sanction for default.

## SCOPE AND STANDARD OF REVIEW

Because certiorari is an action at law, we review contempt actions for correction of errors at law. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa

---

[1] Elizabeth filed a notice of appeal from the court's order, but certiorari is the proper mode for obtaining review of an order in a contempt action. *See* Iowa Code § 665.11 (2024). We treat her notice of appeal as a petition for writ of certiorari. *See* Iowa R. App. P. 6.151(1). We grant the petition and continue to the merits.

2007).  Our review is limited to the district court's jurisdiction and the legality of its actions.  *Id.*  If the court's findings are supported by substantial evidence and the court applies the law properly, we affirm.  *Id.*  Substantial evidence is evidence that would convince a rational fact finder that the contemnor is guilty of contempt beyond a reasonable doubt.  *See In re Marriage of Jacobo*, 526 N.W.2d 859, 866 (Iowa 1995).  The district court's legal conclusions are not binding, so we exercise unfettered review of its application of the law.  *Id.*

We review evidentiary rulings for an abuse of discretion.  *In re Marriage of Heiar*, 954 N.W.2d 464, 469 (Iowa Ct. App. 2020).  The district court abuses its discretion when it exercises that discretion on untenable grounds or to an extent clearly unreasonable.  *Id.*

## DISCUSSION

Elizabeth raises four general claims and challenges the dismissal of five counts of contempt she alleged against Neil.  To find Neil in contempt, Elizabeth had to prove that he (1) had a duty to obey a court order and (2) willfully did not perform that duty.  *See Ary*, 735 N.W.2d at 624.  If Elizabeth shows that Neil violated a court order, the burden shifts to Neil to show the violation was not willful.  *Id.*  The burden stays on Elizabeth to show willfulness beyond a reasonable doubt.  *Id.*

There is no dispute that the parties are bound by their dissolution decree.  The question is not whether Neil disobeyed the decree but whether he *willfully* disobeyed it.  *Id.*  Willful disobedience requires evidence of one of the following: (1) "intentional and deliberate with a bad or evil purpose"; (2) "wanton and in disregard of the rights of others"; (3) "contrary to a known duty"; or (4) "unauthorized, coupled with an unconcern whether the

3

contemner had the right or not." *Id.* (citation omitted). "A failure to follow a court order is *not* willful if a contemner shows the order was indefinite or that the contemner was unable to comply with the order." *Id.* (emphasis added).

## I.    General claims.

We begin with Elizabeth's general complaints about the contempt proceedings. She first contends the court erred by concluding that the decree was not continuously in effect. Elizabeth also contends that the court "failed to give effect to mediated agreements incorporated into the Decree." Because she does not expound on her claim or cite to where in the record the court so ruled,[2] *see* Iowa Rs. App. P. 6.903(2)(a)(8), 6.904(4)(a), we cannot address her complaints.

Next, Elizabeth contends that the court applied the evidentiary rules inconsistently by excluding material evidence she offered while accepting an exhibit that she claims Neil provided late. But the hearing transcript shows that Elizabeth never objected to Neil's exhibit. Nor did she offer any exhibits into evidence. The district court did not abuse its discretion.

Finally, Elizabeth contends that Neil violated Iowa Code section 720.2 by testifying falsely during the mediation hearing. But the issue of whether

---

[2] Elizabeth also does not cite authorities for the arguments made in her brief. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(a)(8)(3). Although Elizabeth is self-represented, she is bound by the same standards as an attorney. *See In re Est. of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) ("Iowa law dictates that [a layperson's] brief is judged by the same standard as a brief filed by an Iowa lawyer. The law does not judge by two standards, one of lawyers and another for non-lawyers. All are expected to act with equal competence. If a non-lawyer chooses to represent herself, she does so at her own risk." (internal citations omitted)).

Neil testified falsely was never before the district court as there is no civil action recognized for perjury. *See Beeck v. Kapalis*, 302 N.W.2d 90, 97 (Iowa 1981). To the extent that Elizabeth claims that Neil's testimony undermines his credibility, such determinations are for the court as fact finder. *See State v. Lang*, 30 N.W.3d 757, 764 (Iowa Ct. App. 2025). But we are not bound by those findings. *See Ruden v. Peach*, 904 N.W.2d 410, 412 (Iowa Ct. App. 2017).

## II. Dismissal of five counts of contempt.

We next address the five counts of contempt the court dismissed.

### A. Count I.

Elizabeth first contends that Neil willfully disobeyed the decree by delaying the transfer of the retirement funds awarded to her in the decree. On this issue, the district court found that while Neil "may not have worked as quickly as he could have" to transfer the funds, he did not willfully disobey the decree.

The decree provides that Elizabeth must transfer Neil's retirement funds to her name. Elizabeth moved to set the decree aside, which delayed the transfer for two months until the court denied her motion in July. Neil then provided Elizabeth with his monthly statement information about the balance of the account, but two more months passed before Elizabeth gave Neil the paperwork needed to complete the transfer. By that time, the balance had changed. Another five days passed before Elizabeth gave Neil an updated form on September 17. Elizabeth filed the contempt action on September 23. Between that time and the hearing in October, the matter was resolved. We agree that the facts do not show Neil willfully disobeyed the decree.

5

## B. Count II.

Elizabeth contends Neil willfully disobeyed the decree provision dividing personal property, which requires the parties to "work together." It also provides that if the parties cannot agree on a resolution, they must "attend mediation to divide the personal property."

Neil testified he moved some property to a storage unit and some to his parents' house to prepare the marital home for sale. Although Neil gave Elizabeth keys to the storage unit to retrieve her property, Elizabeth testified she had not entered the unit because she feared items would be missing and she would be accused of taking them. The court noted that the parties had not mediated the dispute as required by the decree. We agree that Elizabeth has not shown Neil willfully disobeyed the decree.

## C. Count IV.

Elizabeth also contends Neil willfully disobeyed the decree's child support provisions. In finding that Elizabeth did not meet her burden, the court again noted that moving to set the decree aside caused confusion and paused the child support payments. More confusion occurred when Elizabeth used the marital home address to receive her child support payments. Because Neil informed the United States Postal Service Elizabeth no longer lived there, the child support checks were returned. Again, the record does not show that Neil willfully disobeyed the child support provision.

**D. Count V.**

Elizabeth contends Neil willfully disobeyed the decree because he did not provide new tires for the vehicle she was awarded.[3]  Neil testified that the tires were in the storage unit while Elizabeth testified she had not been inside the unit.  In her closing remarks to the court, Elizabeth told the court that Neil "wouldn't give me the tires.  The tires are specifically for [my] car.  They're now in storage.  No, I haven't got them.  Yes, that's on me.  I get that."  We agree that Elizabeth has failed to meet her burden on this issue.

**E. Count VI.**

Finally, Elizabeth contends that Neil willfully disobeyed the decree provision concerning the children's expenses.  That provision says the parties are each responsible for one-half the children's "agreed upon extracurricular activity expenses."  Elizabeth wanted Neil to pay one-half the $3,300 cost for two children to join a soccer club and travel expenses.  Neil testified that he told Elizabeth in June that the cost of the soccer club was too high, though Elizabeth claims he did not respond until the end of July.  The district court found that because Neil never agreed to pay for the soccer club, he did not willfully disobey the decree by not paying one-half of that expense.  We concur.

**WRIT ANULLED.**

---

[3] The decree awards Elizabeth a 2014 Buick Enclave but makes no mention of tires. The tires for that vehicle need to be replaced, and Neil claimed that properly sized tires were in the storage unit to which Elizabeth had a key.